J-S27011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KHAFRE RAHEEM JOHNSON | : | |
| | : | |
| Appellant | : | No. 1603 MDA 2022 |

Appeal from the PCRA Order Entered October 4, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000147-2017

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:　　　　　　　**FILED OCTOBER 11, 2023**

Appellant, Khafre Raheem Johnson, appeals *pro se* from the post-conviction court's October 4, 2022 order denying, as untimely, his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

It is unnecessary to set forth a detailed recitation of the facts of Appellant's case for purposes of this appeal.  We only note that Appellant was convicted, following a non-jury trial in May of 2017, of robbery, conspiracy, and related offenses based on evidence that he and a cohort committed an armed robbery of a male victim, who knew Appellant from their attending school together.  On June 26, 2017, the court sentenced Appellant to an aggregate term of 6 to 12 years' incarceration.  He timely appealed, and after this Court affirmed his judgment of sentence, our Supreme Court denied his subsequent petition for allowance of appeal on March 27, 2019.  ***See***

*Commonwealth v. Johnson*, 180 A.3d 474 (Pa. Super. 2018), *appeal denied*, 205 A.3d 315 (Pa. 2019).

Appellant thereafter filed a PCRA petition, alleging various claims including ineffective assistance of counsel. That petition was ultimately denied by the PCRA court, and this Court affirmed on appeal. **See Commonwealth v. Johnson**, 251 A.3d 1241 (Pa. Super. 2021) (unpublished memorandum), *appeal denied*, 263 A.3d 546 (Pa. 2021).

On January 24, 2022, Appellant filed the *pro se* PCRA petition underlying his present appeal. Therein, he raised, *inter alia*, claims of ineffectiveness regarding his trial, appellate, and PCRA attorneys. The PCRA court appointed counsel, who ultimately filed a petition to withdraw and **Turner/Finley** 'no-merit' letter.[1] On July 19, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. After granting Appellant an extension of time to file a response, which he did, the court issued an order and opinion denying Appellant's petition on October 4, 2022.

Appellant filed a timely, *pro se* notice of appeal.[2] On November 14, 2022, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] The trial court docket entry for the October 4, 2022 PCRA order contains a notation that the order was served on Appellant via first class mail on October 5, 2022. **See** Pa.R.Crim.P. 114(C)(2)(c) (providing that trial court criminal
*(Footnote Continued Next Page)*

statement of errors complained of on appeal. While Appellant filed a timely request for an extension of time within which to file his Rule 1925(b) statement, it does not appear that the court ruled on that motion. Appellant then filed his *pro se* Rule 1925(b) statement on December 3, 2022.[3] On March 8, 2023, the PCRA court filed its Rule 1925(a) opinion.

_____

docket entries shall contain, *inter alia*, "the date of service of the order or court notice"); Pa.R.Crim.P. 907(4) (providing that when a PCRA petition is dismissed without a hearing, the judge shall issue an order to that effect, and, in addition to advising defendant via certified mail of his right to appeal, "[t]he order shall be filed and served as provided in Rule 114"). Thus, the last date on which a notice of appeal could have been timely filed would have been November 4, 2022. *See* Pa.R.A.P. 108(a)(1) (stating that the day of entry of an order shall be the day the clerk of courts mails or delivers copies of the order to the parties); Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after entry of order from which appeal is taken). Appellant's *pro se* notice of appeal was not filed until November 9, 2022. Give this facial untimeliness, we issued a show-cause order on December 19, 2022, directing Appellant to explain why his untimely appeal should not be quashed. Appellant filed a response on December 30, 2022, providing cash slips for the notice of appeal that were dated Friday, November 4, 2022. Because Appellant is incarcerated and the notice of appeal was filed *pro se*, we will deem it as having been timely filed on November 4, 2022, when he gave it to prison authorities for mailing. *See* Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence."); ***Commonwealth v. Cooper***, 710 A.2d 76, 78 (Pa. Super. 1998) (stating that the prisoner mailbox rule means "that, for prisoners proceeding *pro se*, a notice is deemed filed as of the date it is deposited in the prison mail system").

[3] We note that Appellant's concise statement, which was due on December 5, 2022, was not time-stamped until December 12, 2022. However, Appellant hand-dated his *pro se* concise statement as December 3, 2022. Applying the prisoner mailbox rule, we will deem Appellant's 1925(b) statement as having been timely filed on December 3, 2022.

In Appellant's *pro se* brief, he presents the following five issues for our review:

I. Whether trial counsel failed to properly preserve [Appellant's] weight-of-the-evidence claim on direct appeal?

II. Whether PCRA counsel failed to correctly argue on PCRA appeal, trial counsels [*sic*] failure to properly preserve [Appellant's] weight-of-the-evidence claim on direct appeal?

III. Whether trial counsel failed to object to the use of the deadly weapon enhancement in [Appellant's] sentence?

IV. Whether trial counsel failed to investigate, develop[,] and present any evidence regarding the misidentification of [Appellant]?

V. Whether trial counsel failed to file a post-sentence motion raising a claim of newly[-]discovered evidence?

Appellant's Brief at 4 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on June 25, 2019, 90 days after our Supreme Court denied his petition for allowance of appeal from this Court's decision affirming his judgment of sentence.  *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); U.S. Sup.Ct.R. 13.1 (allowing a petitioner 90 days from entry of judgment to file petition for writ of *certiorari*).  Thus, Appellant's present petition filed on January 24, 2022, is patently untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he

meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant's claims all involve ineffective assistance of counsel, including layered claims of ineffectiveness and assertions of prior PCRA counsel's ineffectiveness. Generally, such claims do not satisfy any timeliness exception. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.") (citations omitted). Appellant does not specifically explain how his ineffectiveness claims constitute an exception to this general rule by meeting a timeliness exception. However, he cursorily suggests that he should at least be permitted to raise his assertions of prior PCRA counsel's ineffectiveness under our Supreme Court's decision in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), as this is his "first chance" to do so. Appellant's Brief at 19.

Appellant's argument is misplaced. In *Bradley*, our Supreme Court extended the opportunity for a petitioner to raise claims of PCRA counsel's ineffectiveness, holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Bradley*, 261 A.3d at 401. However, this Court has declared that "[n]othing in *Bradley* creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel." *Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa. Super. 2023).

- 6 -

Additionally, we have noted that **Bradley** "did not announce a new constitutional right, much less one applicable retroactively." **Commonwealth v. Ruiz-Figueroa**, No. 1531 EDA 2022, unpublished memorandum at *2 (filed June 22, 2023) (collecting cases).[4]  Therefore, Appellant's reliance on **Bradley** does not satisfy any timeliness exception.

As Appellant does not specifically explain how or why any timeliness exception applies to any of his other ineffectiveness claims, he has failed to meet his burden of pleading and proving that he has overcome the jurisdictional hurdle of the PCRA time-bar.[5]  Therefore, we affirm the order denying his petition.

Order affirmed.

---

[4] **See** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

[5] Notwithstanding, we also note that Appellant waived his ineffectiveness claims by failing to present them in his Rule 1925(b) statement, despite that the court's Rule 1925(b) order warned him that the failure to do so would result in waiver.  **See** Trial Court Order, 11/14/22, at 1-2 (unnumbered); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").  Furthermore, Appellant fails to explain why he could not have raised the majority of his ineffectiveness issues in his first PCRA petition. Thus, he has waived his claims on this basis, as well.  **See** 42 Pa.C.S. § 9543(a)(3) (stating that, to be eligible for PCRA relief, the petitioner must prove "[t]hat the allegation of error has not been previously litigated or waived"); 42 Pa.C.S. § 9544(b) (declaring that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding").

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/11/2023